# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.: 1:13-CR-64-TLS |
| | ) | |
| HAYLEY VANDURMEN | ) | |

## OPINION AND ORDER

The Defendant, Hayley VanDurmen, pled guilty to Count 1 of an Indictment charging her with knowingly selling a firearm to a convicted felon and aiding and abetting, in violation of 18 U.S.C. § 922(d)(1) and (2), and 18 U.S.C. § 2. An officer with the United States Probation Office prepared a Presentence Investigation Report (PSR) in anticipation of the Defendant's sentencing. The PSR establishes that the Defendant's total offense level is 15 and criminal history category is I. The Defendant is asking for a four-level variance pursuant to 18 U.S.C. § 3553(a). The Court conducted an evidentiary hearing [ECF No. 85] on October 2, 2014. Defense counsel and the Government decided that supplemental briefing was unnecessary and the Court heard oral argument regarding the § 3553(a) factors. For the reasons provided below, the Court will grant the Defendant's request for a four-level variance pursuant to the § 3553(a) factors.

## FINDINGS OF FACT

Facts relevant to sentencing should be proved by a preponderance of the evidence. *United States v. England*, 555 F.3d 616, 622 (7th Cir. 2009); *see also United States v. Krieger*, 628 F.3d 857, 862 (7th Cir. 2010) (advising that sentencing factors that do not increase the defendant's sentence beyond the statutory range may be found by the court at sentencing by a preponderance of the evidence). "A proposition proved by a preponderance of the evidence is one that has been

1

shown to be more likely than not." *United States v. Davis*, 682 F.3d 596, 612 (7th Cir. 2012). The Federal Rules of Evidence do not apply to sentencing, *United States v. Dean*, 414 F.3d 725, 730 (7th Cir. 2005), and a court may rely on hearsay as long as the information "has sufficient indicia of reliability to support its probable accuracy," *United States v. Rollins*, 544 F.3d 820, 838 (7th Cir. 2008) (quotation marks omitted); *see also United States v. Isom*, 635 F.3d 904, 908 (7th Cir. 2011) ("At sentencing, courts may rely on presentence reports containing even double-hearsay, i.e., statements by coconspirators to investigators, so long as those statements are reliable."). At sentencing, "a district judge 'may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come.'" *United States v. Bautista*, 532 F.3d 667, 672 (7th Cir. 2008) (quoting *United States v. Johnson*, 489 F.3d 794, 796–97 (7th Cir. 2008)). "Sentencing judges necessarily have 'discretion to draw conclusions about the testimony given and evidence introduced at sentencing,' but 'due process requires that sentencing determinations be based on reliable evidence, not speculation or unfounded allegations.'" *United States v. Bradley*, 628 F.3d 394, 400 (7th Cir. 2010) (quoting *England*, 555 F.3d at 622). "A district court may rely on facts asserted in the PSR if the PSR is based on sufficiently reliable information." *Rollins*, 544 F.3d at 838. "The defendant bears the burden of proving that the PSR is inaccurate or unreliable," and if he offers no evidence to question the PSR's accuracy, the court may rely on it. *Id.*

On October 2, 2014, the Court held an evidentiary hearing in which the following facts were determined: The Defendant, a twenty-two-year-old woman who was born in South Bend, Indiana, moved to Fort Wayne with her mother, father, and three older sisters in 2002. She attended Elmhurst High School for three years and, after it closed, completed her final year and graduated from Northrop High School in 2011. She was active in school and received awards for

2

good attendance and grades, including being on the honor roll. She appears to have had a comfortable childhood and did not get into any type of trouble apart from the ordinary parent/child discipline. By all accounts, the Defendant had good, healthy relationships with her parents, siblings, and friends.

During high school, the Defendant worked multiple part-time jobs. At the time of her graduation, the Defendant was still unsure about what she wanted to do with her future and decided to take a break from school, working full-time as a maid and hanging out with her friends. She leased a house that she shared with two roommates, but when those roommates departed she was strapped financially to pay rent and was looking for new roommates. About that time the Defendant met Trevor Rodriguez, a cousin of her friend's boyfriend. Rodriguez needed a place to live, and she needed help with rent, so the Defendant decided to help him out and take him in as a roommate. They lived together in rental homes before buying a home together. Within a couple of months, Rodriguez and the Defendant began dating.

Over the course of their relationship Rodriquez isolated himself from others and was constantly angry, jealous, and controlling of the Defendant. The record is replete with incidents where Rodriguez made threats of violence against the Defendant, her family, and her pets in his efforts to control and manipulate the Defendant.

On September 3, 2013, the Defendant was arrested for the instant offense and released to pretrial supervision that same day. The Defendant has not had any problems during her pretrial supervision. She has gone back to school and recently completed an externship, where she hopes to ultimately be hired. She has distanced herself from Rodriquez and any of his known associates. She has restored relationships with her family and friends that suffered while under Rodriquez's control. The record reflects that the Defendant has resumed the law-abiding life she

was leading before her relationship with Rodriquez.

## ANALYSIS

The Defendant asks the Court for a four-level variance based on the § 3553(a) sentencing factors, the effect of which would place her in Zone B of the Sentencing Table and thus make her eligible for a sentence of probation. The Defendant argues that such a sentence is sufficient based on the history and characteristics of the Defendant as well as the nature and circumstances of the offense. The Defendant contends that she has learned to be more cautious when helping others so as to protect herself. The Defendant asserts that her arrest and prosecution have been a blessing in disguise because they helped her get out of a bad situation, even though she is still dealing with the consequences of her offense conduct, for which she has accepted responsibility. The Defendant argues that she has learned from her mistakes and that she is taking the steps necessary, with the help of her family and friends, to put her life in order. The Government defers to the discretion of the Court the appropriate sentence in this case based on the § 3553(a) sentencing factors.

The Court finds that a four-level variance, as requested by the Defendant, is appropriate in this case. As to the history and characteristics of the Defendant, the record reflects that the Defendant has been a productive and law-abiding citizen before she met Rodriguez and since her arrest and release on pretrial supervision. The period in which she lived with Rodriguez appears to be an anomaly in her otherwise healthy and productive life. Since her arrest, she has been doing the right things to get her back on the right path. She has moved back in with her parents, who are helping her reestablish herself and prepare for her future. She is finishing school, as well as an externship, which she hopes will lead to a full-time position. The Defendant has an

excellent work history, demonstrating that she is capable of working multiple jobs while successfully completing her obligations at school. With the support of her family and friends, the Defendant has resumed her otherwise productive and law-abiding life.

The Court finds the testimony of the Defendant credible and believes that she is committed to getting her life back in order. The Defendant is compassionate, desiring to help and assist others where and when she is able. The Court notes that the Defendant has taken seriously not only her offense conduct, but also the lessons that can be learned from this experience. The Defendant appears committed to be more cautious and careful about whom she brings into her life and to avoid being fooled and manipulated in the future. The Court finds that, pursuant to the sentencing factors of § 3553(a), the history and characteristics of the Defendant and the nature and circumstances of the offense justify a four-level variance in this case. Such a sentence is sufficient, but not greater than necessary, to comply with the purposes of punishment, including the need to provide just punishment for the offense, to impose a sentence that reflects the seriousness of the offense and that promotes respect for the law, to adequately deter future criminal conduct, to protect the public from future crimes of the defendant, and to avoid unwarranted disparity in sentencing.

## CONCLUSION

For the foregoing reasons, the Court GRANTS the Defendant's request for a four-level downward variance and finds that a total offense level of 11, criminal history category I, will produce a sentence that is sufficient, but not greater than necessary, to meet the purposes of punishment in this case and is consistent with the statute. The Court confirms the sentencing hearing set for January 12, 2015, at 1:30 PM.

SO ORDERED on January 5, 2015.

                                               s/ Theresa L. Springmann
                                              THERESA L. SPRINGMANN
                                              UNITED STATES DISTRICT COURT